IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT D. BOYDSTUN, IV,

        Plaintiff,                              No. 3:11-cv-00429-AC

        v.                                         ORDER

U.S. BANK NATIONAL ASSOCIATION ND,
et al.,

        Defendants.

HERNÁNDEZ, District Judge:

       Magistrate Judge John V. Acosta issued a Findings & Recommendation [173] on May 26, 2015, recommending that parts C and D of Defendant Trans Union's Motion for Summary Judgment [89] be denied and Plaintiff Robert Boydstun's Motion for Partial Summary Judgment [154] be granted in part and denied in part. Defendant Trans Union filed objections [175] to the Findings & Recommendation, and Defendant U.S. Bank separately filed objections [176]. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 – ORDER

When a party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## DISCUSSION

Both Defendant Trans Union and Defendant U.S. Bank object to Section III of Judge Acosta's Findings & Recommendation in which he recommends that the Court grant Boydstun's motion for summary judgment and rule that Defendants violated the Fair Credit Reporting Act ("FCRA") by not deleting, modifying, or blocking information on Boydstun's credit report that could not be "verified." After conducting a *de novo* review, the Court declines to adopt Section III of Judge Acosta's Findings & Recommendation, but for different reasons than those asserted by Trans Union and U.S. Bank.

FCRA imposes a duty on both credit furnishers, in this case U.S. Bank, and credit reporting agencies ("CRA"), in this case Trans Union, to take certain actions if an item disputed by a consumer cannot be verified. First, as regards CRAs, the statute provides

> **(5) Treatment of inaccurate or unverifiable information.**
> (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall--
> > (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> > (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. § 1681i(a)(5) (italics added). The paragraph (1) reinvestigation provision provides

2 – ORDER

> **(a) Reinvestigations of disputed information**
> **(1) Reinvestigation required.**
> > (A) In general. Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1). In other words, once a consumer initiates a dispute with the CRA, the CRA must conduct a "reasonable reinvestigation" into the item to determine whether it is accurate. If the item is inaccurate or cannot be verified, the CRA then has a duty to delete the item or modify it to reflect the investigation's conclusion.

The statute also requires the CRA who received the consumer's dispute to notify the furnisher of the disputed information within five business days. 15 U.S.C. § 1681i(a)(2). Once the credit furnisher receives the notice of the dispute from the CRA, a different portion of the FCRA imposes on the furnisher a similar duty to investigate the disputed item and take certain actions depending on the result:

> **(b) Duties of furnishers of information upon notice of dispute**
> (1) In general. After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> > (A) conduct an investigation with respect to the disputed information;
> > (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> > (C) report the results of the investigation to the consumer reporting agency;

3 – ORDER

>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>>> (i) modify that item of information;
>>> (ii) delete that item of information; or
>>> (iii) permanently block the reporting of that item of information.

15 U.S.C.A. § 1681s-2(b)(1).

Turning to the present case, the dispute here is over a credit card Boydstun opened on behalf of his now-bankrupt business, Boydstun Metal Works. In July of 2010, Boydstun discovered that the card issuer, U.S. Bank, was reporting an outstanding balance on the card as a negative item on his personal credit report. Reger Declaration ("Decl.") Exhibit ("Ex.") 1, ECF No. 91-1, at 4. Boydstun believed that the card was a business account for which he had never agreed to be held individually liable. Reger Decl. Ex. 2, ECF No. 91-2, at 2. Boydstun promptly initiated a dispute with several CRAs, including Trans Union. Reger Decl. Ex. 2, ECF No. 91-2, at 2.

Consistent with its FCRA obligation, Trans Union initiated a "reinvestigation" into the disputed item and notified U.S. Bank of Boydstun's dispute. U.S. Bank, for its part, conducted its own "investigation" into the item. Both Trans Union's and U.S. Bank's investigations into the disputed item were quite cursory. In response to Boydstun's dispute of the debt, Trans Union submitted two separate automated consumer dispute verification ("ACDV") requests to U.S. Bank. Reger Decl. Ex. 3, ECF No. 91-3, at 2; Reger Decl. Ex. 5, ECF No. 91-5, at 2. The ACDVs stated "CONSUMER STATES . . . Not liable for acct (i e ex-spouse business) If liable

4 – ORDER

provide complete ID and ECOA code." Reger Decl. Ex. 3 at 2; Reger Decl. Ex. 5 at 2. Each time, U.S. Bank responded by simply matching the name and social security numbers in its internal records with those on the ACDV, and reporting to Trans Union that the information was "verified as reported." Boydstun Decl. Ex. 11, ECF No. 155-11, at 2–4; Reger Decl. Ex. 6, ECF No. 91-6, at 2. Trans Union in turn reported to Boydstun that the item was "verified" and refused his request to remove the item from his credit report. Reger Decl. Ex. 7, ECF No. 91-7, at 2.

Boydstun filed suit, and in his motion for summary judgment, asks the Court to rule as a matter of law that Trans Union's and U.S. Bank's investigations were unreasonable and that item remained unverified. In Section II of the Findings & Recommendation, Judge Acosta identified potential deficiencies in the Defendants' investigations into the disputed debt. However, Judge Acosta relied on consistent instruction from the Ninth Circuit that questions about the "reasonableness" of a furnisher's or a CRA's investigation under FCRA are typically best left to the jury to weigh, and recommended that the Court deny Boydstun's motion for summary judgment on that issue. Findings & Recommendation at 16, 19 (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009) ("summary judgment is generally an inappropriate way to decide questions of reasonableness because the jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment.") (quotation omitted)). The Court agrees with Judge Acosta's recommendation and therefore Boydstun's motion for summary judgment that Trans Union's and U.S. Bank's investigations into the dispute were unreasonable as a matter of law is denied.

The Court does not, however, adopt Judge Acosta's conclusion in Section III of the Findings & Recommendation that Boydstun's motion for summary judgment on the question of "verification" should be granted. Findings & Recommendation at 21. As laid out above, both

5 – ORDER

CRAs and credit furnishers have an obligation to delete or modify a disputed item that cannot be verified. But both sections of the FCRA instruct that this "verification" process is completed by conducting a "reasonable reinvestigation[1]" into the disputed item. E.g., 15 U.S.C. § 1681s-2(b)(1) (requiring a furnisher to take action to modify or delete a disputed item only if it "cannot be verified **after any reinvestigation** under paragraph (1)").

Both Trans Union and U.S. Bank insist that, as a result of their investigations, Boydstun's debt was verified. The verification and reinvestigation provisions are, at least in this case, inextricably intertwined. For example, a jury finding that U.S. Bank's investigation into Boydstun's dispute was reasonable necessarily answers the question of whether it could properly rely on the results of its investigation to report the item as "verified." Therefore, the Court declines to adopt Judge Acosta's Section III recommendation that Boydstun's motion for summary judgment on the question of verification should be granted. Whether Trans Union or U.S. Bank verified the disputed item at issue can only be answered once the jury decides whether the Defendants' investigation were "reasonable."

I have carefully considered the parties' other objections and conclude they do not provide a basis to modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

//

//

---

[1] Although Congress omitted the word "reasonable" from the furnisher's duties in conducting a dispute investigation under § 1681s-2(b)(1), the Ninth Circuit requires the furnisher's investigation under that section to be reasonable. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009).

6 – ORDER

CONCLUSION

The Court ADOPTS in part and REJECTS in part Magistrate Judge Acosta's Findings & Recommendation [173], and therefore, parts C and D of Trans Union's Motion for Summary Judgment [89] are DENIED, and Boydstun's Motion for Partial Summary Judgment [154] is DENIED.

IT IS SO ORDERED.

DATED this 28 day of August, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7 – ORDER