**Julie Vacura,** OSB #843692
jvacura@larkinsvacura.com
**Danielle J. Hunsaker**, OSB #045365
dhunsaker@larkinsvacura.com
**Larkins Vacura LLP**
121 SW Morrison St., Suite 700
Portland, Oregon 97204
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBERT D. BOYDSTUN IV**, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>**U.S. BANK NATIONAL ASSOCIATION N.D.** dba **ELAN FINANCIAL SERVICES**, a Nationally Chartered Banking Association, **EQUIFAX INC**, a Georgia Corporation, **TRANSUNION LLC,** a Delaware Limited Liability Company, and **EXPERIAN INFORMATION SOLUTIONS, INC**., an Ohio Corporation,<br><br>                Defendants. | Case No.: 3:11-cv-429-HZ<br><br>**DEFENDANT U.S. BANK'S MOTIONS *IN LIMINE*** |

Defendant U.S. Bank National Association N.D., dba Elan Financial Services ("U.S. Bank") respectfully moves *in limine* on the following issues:

//

//

**Motion #1:     Boydstun should be precluded from disputing his personal liability for the Boydstun Metal Works credit card.**

On June 6, 2013, Judge Acosta issued a Findings & Recommendation holding that Boydstun is personally liable for the Boydstun Metal Works ("BMW") credit card account and that the reporting of this account on his personal credit report was technically accurate. (6/6/13 F&R (Dkt. #113) at 11.)  Judge Acosta explained the evidence established that Mr. Boydstun signed the credit card application, and other documents, and that the "terms and conditions make clear that the individual to whom the card is issued is jointly liable with the business for the charges incurred on that credit card." (*Id.*)  Moreover, "this issue was conceded at oral argument" by Boydstun's attorney. (*Id.*)  On this record, Judge Acosta concluded that "the technical accuracy of the debt is no longer disputed." (*Id.*)  This Court affirmed Judge Acosta's decision on this issue on September 30, 2013 (Dkt. #120-1).

Despite the Court's prior ruling, Boydstun intends to dispute at trial that he accepted personal liability for the BMW account. (*See* Plf.'s Lay Witness Statement (Dkt. #208) at 2; Plf.'s Trial Memo. (Dkt. #211) at 3.)  He also apparently intends to introduce evidence disputing that he signed the credit card application form that his counsel conceded establishes Boydstun's personal liability and disputing that this application even relates to the BMW credit card at issue. (Plf.'s Trial Memo at 7.)  U.S. Bank moves *in limine* to exclude this evidence and any other evidence that Boydstun seeks to introduce disputing that he signed the credit card application or that he is personally liable for the BMW credit card.  These issues have been resolved as a matter of law by the Court, and allowing Boydstun to present evidence that is contrary to the Court's rulings would be confusing to the jury and unfairly prejudicial to U.S. Bank.  FRE 403.

//

//

**Motion #2:** Boydstun should be precluded from testifying about statements made to him by West Coast Bank.

Mr. Boydstun intends to testify that when BMW changed banks, "West Coast Bank representatives agreed that no personal guarantees would be required of him, including for the company credit card." (Plf.'s Trial Memo at 3; Plf.'s Lay Witness Statement at 2.) This evidence is inadmissible hearsay to which no exception applies. FRE 801, 802. Evidence of statements allegedly made by West Coast Bank must be presented through a West Coast Bank witness who is subject to cross examination or through a deposition designation if the witness is shown to be unavailable to appear at trial. This evidence cannot be presented through Boydstun's second-hand telling.

**Motion #3:** Boydstun cannot base his FCRA unreasonable investigation claim on the bank's responses to his direct disputes.

In his Trial Memorandum, Boydstun cites 15 U.S.C. § 1681s-2(a) and outlines a furnisher's investigation duties upon receiving notice of a dispute directly from a consumer. (Plf.'s Trial Memo at 8.) It is also clear from his pretrial filings that he intends to present extensive evidence about the disputes he and his attorney made directly to U.S. Bank and the bank's response to those disputes. (Plf.'s Lay Witness Statement at 3-4; Plf.'s Exhibits 13-21.)

A furnisher's duties under Section 1681s-2(a) to investigate a consumer's direct dispute are not privately enforceable. 15 U.S.C. § 1681s-2(c); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); These duties are enforceable only by "federal or state agencies." *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. § 1681s-2(d). A private lawsuit claiming a furnisher violated the FCRA by failing to reasonably investigate a consumer's dispute exists only with regard to disputes that the furnisher receives ***from a credit reporting agency*** ("CRA"). *Id.*

The Ninth Circuit instructs that, in these limited circumstances, the "pertinent question" is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute *from the description in the CRA's notice of dispute*." *Id.* at 1157 (emphasis added); *see also Chang v. Verizon New England, Inc.*, 595 F.3d 26, 40 (1st Cir. 2010) ("[A]n investigation under §1681s-2(b) is geared to the information provided by the CRA to the furnisher; if the CRA fails in its obligation to provide 'all relevant information regarding the dispute, then there is a claim against the CRA but not the furnisher.") (internal citation omitted).

Given the limited right to privately enforce the FCRA, Boydstun must be precluded from relying on evidence about the disputes he made directly to the bank, and the bank's response to those disputes, in arguing that the bank conducted an unreasonable investigation. The only investigation relevant to Mr. Boydstun's claim relates to the investigation of the ACDVs received from CRAs. *Gorman*, 584 F.3d at 1154.

Likewise, any evidence of alleged damages arising from actions occurring before Boydstun disputed his credit report to a credit reporting agency should be precluded as irrelevant and unfairly prejudicial. FRE 403. Such damages are not recoverable because necessarily they are not *caused* by a FCRA violation, which can occur only after a CRA provides notice of a dispute to the furnisher. *Gorman*, 584 F.3d at 1154.

If Boydstun presents evidence about his direct disputes made to U.S. Bank, it must be for a purpose other than arguing that the bank failed to reasonably respond to those disputes, and Boydstun should be required to articulate for what other purpose he would use this evidence. Moreover, if Boydstun presents evidence about his direct disputes to the bank at trial, U.S. Bank requests that the Court give a limiting instruction at the time this evidence is presented that explains to the jury the limited use they may make of this evidence and that it cannot be the basis

of finding that U.S. Bank performed an unreasonable investigation of Boydstun's CRA disputes. FRE 105. Allowing the evidence about Mr. Boydstun's pre-CRA disputes to come in without a limiting instruction would be unfairly prejudicial to the bank and confusing to the jury in determining which actions are relevant to whether a FCRA violation occurred. FRE 403.

**Motion #4:    Boydstun's testimony about statements made by BMW's bankruptcy trustee is improper hearsay and should be excluded.**

Boydstun intends to testify that BMW's bankruptcy trustee told him that he was prohibited from paying the balance owed on the BMW credit card account. (Plf.'s Lay Witness Statement at 3.) This testimony must be excluded as improper hearsay. FRE 801, 802. Boydstun wants to offer this testimony for the truth of the matter asserted—that he could not (as opposed to would not) pay the debt. This is classic hearsay. And it goes directly to U.S. Bank's mitigation defense. Even assuming that the subject hearsay falls within an exception to the rule, Boydstun does not assert (much less show) that the trustee is beyond subpoena power or otherwise legally unavailable for trial. Denying U.S. Bank the opportunity to test what the trustee actually said, or what the trustee intended the alleged statement to mean, would be unfairly prejudicial in light of U.S. Bank's defense that Boydstun could have avoided his alleged damages by simply paying the amount due on the credit card and then disputing the debt. FRE 403.

Finally, the testimony and cross examination of Mr. Boydstun on what the trustee said will be confusing to the jury. The deposition testimony on this issue includes legal concepts like claw-backs in bankruptcy. Without a full explanation by or cross examination of the trustee, the jury will be confused and U.S. Bank will be prejudiced. This testimony should be excluded.

//

//

**Motion #5:** **Evidence that U.S. Bank stopped reporting the BMW account on Boydstun's personal credit report cannot be used as evidence that the bank violated the FCRA.**

After this lawsuit was filed, U.S. Bank stopped reporting the disputed BMW credit card account on Boydstun's personal credit report. The fact of that conduct is admissible, but not as evidence of a subsequent remedial measure to prove U.S. Bank's liability. FRE 407. Therefore, U.S. Bank moves to preclude Boydstun from arguing that the bank's decision to stop reporting the disputed information constitutes an admission that the information should not have been reported.

**Motion #6:** **Evidence of damages incurred after U.S. Bank stopped reporting the BMW credit card account on Boydstun's personal credit report should be excluded.**

U.S. Bank stopped reporting the BMW credit card account on Boydstun's credit report in October 2011. Because Boydstun's alleged damages are based on the act of reporting the debt, he is not entitled to any alleged damages incurred after the reporting ceased. Any evidence of such alleged damages should therefore be excluded as irrelevant. FRE 403.

**Motion #7:** **Any testimony by Brad Hippert regarding the effect of inaccurate information on a consumer credit report should be excluded.**

Brad Hippert was not identified as an expert witness and no expert disclosures were made regarding his qualifications as an expert or his expected testimony. He, therefore, cannot testify about his opinions concerning the effect of inaccurate or derogatory information on a consumer credit report. (*See* Plf.'s Lay Witness Statement (Dkt. #208) at 6.) Hippert's expected testimony is not proper lay witness opinion because it is purportedly based on "specialized knowledge within the scope of Rule 702." FRE 701. Credit reports and the effect of information on a credit report in the lending industry are not topics readily known or understood by the lay public. This is an area of specialized knowledge and experience. Therefore, even if Boydstun establishes a

proper foundation by showing that Hippert has adequate experience with these matters to provide competent testimony, his testimony is nevertheless expert testimony that was not properly identified or disclosed as required under FRCP 26. *See also* FRE 701 Committee Notes on 2000 Amendment ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.").

**Motion #8:** **Testimony of Boydstun related to the length or cost of this litigation should be excluded as inadmissible to prove damages.**

Boydstun testified in deposition that his damages include the expenses that he has incurred in pursuing this litigation and that U.S. Bank has dragged out the litigation, which caused increased damages to him. Because attorney fees and costs are a matter for the court, not the jury, and because these expenses cannot serve as a basis for emotional distress damages, this evidence should be excluded as irrelevant, confusing to the jury and prejudicial to U.S. Bank. FRE 402, 403.

**Motion #9:** **Use of deposition transcripts should be precluded unless Boydstun satisfies the requirements of FRCP 32 by showing the witness is unavailable or other just cause exists for allowing deposition testimony.**

Boydstun seeks to read to the jury a number of deposition transcript excerpts in his case in chief. Several of the deponents that he has identified are his current or former business colleagues or former West Coast Bank employees, all of which resided in the Portland area. Without some showing that these witnesses are not subject to the Court's subpoena power or are otherwise unavailable or that "exceptional circumstances" exist that justify presenting these

//

//

//

witnesses through deposition rather than live testimony, presentation of these depositions should be excluded under FCRP 32.

DATED: May 23, 2016.

LARKINS VACURA LLP

/s/ Danielle J. Hunsaker
Julie R. Vacura, OSB #843692
Danielle J. Hunsaker, OSB # 045365
Attorneys for U.S. Bank National Association, N.D.